UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| KIRK WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| REYNOLDS CONSUMER | ) |
| PRODUCTS, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, KIRK WASHINGTON (hereinafter "Plaintiff" or "Washington") and files his Complaint against Defendant, REYNOLDS CONSUMER PRODUCTS, LLC, (hereinafter "Defendant" or "RCP") and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, and retaliation against Plaintiff because of his disability leading to his unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial

1

part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4. Plaintiff, Washington, was at all times relevant, a resident of Charlotte, North Carolina and employed by Defendant, RCPH.

5. Defendant, is a for-profit corporation that does business in this District.

6. Defendant is a covered employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On August 22, 2024, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within one hundred and eighty days after the alleged unlawful employment practices occurred.

10. On May 22, 2025, the EEOC issued Plaintiff a Notice of Right to Sue.

11. This complaint was filed within ninety days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12. Plaintiff, Kirk Washington, sustained a disabling knee injury resulting from an automobile accident in early May 2024.

13. The injury created a disability that impacted major life activities, such as walking.

14. Plaintiff promptly notified La'Anka Ruiz, a representative from Human Resources at

RCP, about his medical condition.

15. Plaintiff requested a reasonable accommodation in the form of a brief medical leave of absence and subsequently submitted all requested documentation to the employer on or about July 19, 2024.

16. Despite his compliance and request for accommodation, RCP abruptly terminated Plaintiff's employment on July 25, 2024.

17. The termination occurred without the employer engaging in the interactive process mandated by the Americans with Disabilities Act.

### Count I: Disability Discrimination in Violation of the ADA

18. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-17 above.

19. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

20. Plaintiff was able to perform the essential functions of his job at the time of his termination.

21. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

22. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

23. Plaintiff has been damaged by Defendant's illegal conduct.

24. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

25. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

26. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count II: Failure to Accommodate under the ADA

27. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-17, above.

28. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

29. Plaintiff was able to perform the essential functions of his job at the time of his termination.

30. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

31. Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Plaintiff's disability.

32. Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

33. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

34. Defendant has engaged in discriminatory practices with malice and reckless

indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count III: Retaliation under the ADA

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-17, above.

36. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

37. Defendant's conduct violates the ADA.

38. Plaintiff has satisfied all statutory prerequisites for filing this action.

39. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

40. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

41. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted,

*/s/ Gary Martoccio*
Gary Martoccio
North Carolina Bar No.: 54125
**Martoccio Law Group**
2101 W. Platt St. Suite 200
Tampa, Florida 33606
T: (813) 725-3279
gary@martocciofirm.com
*Counsel for Plaintiff*